VAN BRUNT, Appellant, v. BLACKMER et al, Respondents.

(191 N. W. 838.)

(File No. 5074. Opinion filed January 22, 1923.)

**Replevin—Bills and Notes—Jury—Evidence Held to Entitle Plaintiff to Jury's Consideration of Issue of Purchase of Note.**

In an action to determine the right to possession to a promissory note and mortgage, evidence held not to show conclusively that the sale of the note to plaintiff was subject to a condition which had not been performed, but to raise a question for the jury as to whether the sale had been consummated.

Appeal from Circuit Court, Hand County; Hon. JOHN F. HUGHES, Judge.

Action by Thomas J. Van Brunt against M. C. Blackmer and others. From judgment for defendants and from order denying a new trial, plaintiff appeals. Judgment and order reversed, and new trial granted.

*Frank R. Fisher,* of Miller, for Appellant.

*Harlan J. Bushfield,* of Miller, for Respondents.

Appellant cited: Heimberger v. Rudd, 30 S. D. 289, 138 N. W. 374; Lachenmaier v. Hansen, 116 C. C. A. 397, 196 Fed. 773; Sprick Bros. Inv. Co. v. Whipple, 33 S. D. 263, 145 N. W. 559; Hepner v. Wheatley, 37 S. D. 632, 159 N. W. 135; Bircher et al v. Modern Brotherhood of America, 25 S. D. 325, 126 N. W. 583; Harris v. Railway Co., 6 S. D. 100; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; McKeever v. Homestake Mining Co.,

10 S. D. 599, 74 N. W. 1053; Dischner v. Association, 14 S. D. 436, 85 N. W. 998; Marshall v. Hearney Mfg. Co., 47 N. W. 290; Merchants National Bank v. Stebbins, 15 S. D. 280, 89 N. W. 674; Bohl v. City of Dell Rapids, 15 S. D. 619, 19 N. W. 315; Earnester v. Christianson, 24 S. D. 103, 123 N. W. 790.

ANDERSON, J.   This action involves the right to possession of a certain promissory note and a mortgage securing same in the sum of $3,600 signed by Henry and Mary Clegg, payable to defendant Blackmer, due April 17, 1925, bearing interest at 6. per cent per annum and payable at the First State Bank of St. Lawrence, this state.   Thereupon defendant Blackmer, for a consideration of $2,000 and a $500 certificate of stock in the new hotel, transferred said note to the plaintiff, Van Brunt.   The complaint alleges that defendant Jarmuth, who was an employee of the First State Bank of St. Lawrence, took from plaintiff's safety deposit box in said bank the promissory note aforesaid without any authority from plaintiff, and that said defendants, and especially the defendant Blackmer, has ever since wrongfully retained said promissory note without right or authority.   Plaintiff alleges that said note and mortgage at the time of the commencement of the action was of the value of $3,655.

To the complaint the defendants have answered in substance by generally denying all the allegations and further alleging that plaintiff never had been the owner of the note and mortgage in question, and that defendant Blackmer was at all times the owner of the same.   Defendants admit that there were some negotiations on the part of plaintiff for the purchase of the note and mortgage, but that such negotiations were dropped, and that no agreement was arrived at.   Defendants further claim that no written memoranda or agreement in writing was entered into in connection with the sale of the note and mortgage, and that the transaction was void under the statute of frauds.

From the evidence it fairly appears that on June 28, 1920, defendant Blackmer told plaintiff he was desirous of selling him the note in question, and asked what he would give him for it. Plaintiff replied that he would give $1,800 and a $500 certificate of stock in the new hotel.   To this Blackmer replied that he would take $2,000 and the certificate of stock.   Blackmer then went to the defendant First State Bank, together with plaintiff, and they

went behind the railing in the bank, where defendant Blackmer handed the note to plaintiff, and plaintiff put it in his private safety deposit box in said bank. Thereafter defendant Blackmer had a conversation with defendant Jarmuth, and immediately following handed the note to plaintiff. Before handing the note to plaintiff defendant Blackmer signed his name on the back thereof. Thereupon plaintiff gave Blackmer a check for $2,000, and turned over to Blackmer the certificate of stock. It appears that plaintiff at the time was 76 years old; that he was acquainted with defendants Jarmuth and Blackmer, and that he knew the First State Bank of St. Lawrence, and had been doing his business with this bank ever since it started, which was something like 15 years back; that defendant Jarmuth had been cashier during most of this time; and that he had been plaintiff's adviser in business matters for a considerable period.

At the end of the testimony the trial court pursuant to motion directed the jury to return a verdict in favor of the defendants upon all the issues, and a judgment was thereafter entered accordingly. We are of the opinion that in directing a verdict in this case the trial court erred. One of the main grounds urged by counsel for respondent in moving for a directed verdict was that the transaction was not completed, and that the possession of the note was conditional, and by reason thereof the plaintiff could not recover. We have made a careful examination of the record, and we are entirely unable to find therein any such condition. There is, however, considerable conflict in the testimony between the witnesses for plaintiff and defendants, raising questions of fact which we believe should have been submitted to the jury pursuant to proper instructions.

For the reasons aforesaid the judgment and order overruling appellant's motion for new trial are reversed, and a new trial granted.

Note—Reported in 191 N. W. 838. See American Key-Numbered Digest, Replevin, Key-No. 88, 34 Cyc. 1518-1519.